961 F.2d 218
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yong UK KIM, Defendant-Appellant.
 No. 91-10241.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1992.*
Decided April 22, 1992.
 
 Before FARRIS, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Yong Uk Kim appeals his conviction following his guilty plea to knowingly and intentionally distributing in excess of 100 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A) and 18 U.S.C. § 2. Kim contends that (1) he did not knowingly and intelligently waive his Miranda rights and his right to presence of counsel; (2) the indictment is duplicitous, ambiguous, and constitutionally defective; and (3) he was denied effective assistance of counsel. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * The Constitutional Claims
 
 
 4
 "As a general rule, a guilty plea erases claims of constitutional violation arising before the plea." United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended on other grounds, 907 F.2d 115 (1990). Jurisdictional claims such as claims that the applicable statute is unconstitutional or that the indictment fails to state an offense are not waived by a guilty plea. Id. Additionally, a claim that the government cannot constitutionally prosecute a charge is not waived by a guilty plea if at the time of accepting the plea, the district court could have determined from the face of the indictment or from the record that the government lacked the power to bring the indictment. See United States v. Broce, 488 U.S. 563, 575-76 (1989).
 
 
 5
 Here, Kim does not claim that the statute under which he was charged is unconstitutional or that the indictment fails to state an offense. Furthermore, it is not apparent from the face of the indictment or from the record that the government lacked the power to bring the indictment. Kim also does not argue that he did not knowingly and intelligently plead guilty to the charged offenses. Accordingly, Kim's guilty plea waived his claims of constitutional violation. See Montilla, 870 F.2d at 552-53.
 
 II
 Ineffective Assistance of Counsel
 
 6
 Kim argues that he received ineffective assistance of counsel because the constitutional claims were not raised by his trial counsel.
 
 
 7
 "The customary procedure for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255." United States v. Birges, 723 F.2d 666, 670 (9th Cir.), cert. denied, 466 U.S. 943 (1984). Challenging the effectiveness of counsel in a section 2255 motion is preferable because it permits the district court to develop facts concerning "what counsel did, why it was done and what if any prejudice resulted." United States v. Pope, 841 F.2d 954, 958 (9th Cir.1988). We may, however, consider an ineffective assistance of counsel claim on direct appeal if the record indicates that "the defendant's legal representation was so inadequate as obviously to deny him his sixth amendment right to counsel." United States v. Wagner, 834 F.2d 1474, 1482 (9th Cir.1987).
 
 
 8
 On the record before us, we cannot say that Kim's legal representation was so inadequate that he obviously was denied his sixth amendment right to counsel. See id at 1482-83. Accordingly, we do not consider the merits of Kim's claim of ineffective assistance of counsel.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kim is free to file a section 2255 motion which will provide him the opportunity to develop a record demonstrating how he received ineffective assistance of counsel. See Wagner, 834 F.2d at 1482